UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGANPLAYS LLC and MEGAN LETTER,<br><br>           Plaintiffs,<br><br>v.<br><br>SARA DIETSCHY, LLC and SARA DIETSCHY,<br><br>           Defendants.<br><br>―――――――――――――――<br><br>MEGANPLAYS LLC and MEGAN LETTER,<br><br>           Plaintiffs/Counter-Defendants,<br><br>v.<br><br>SARA DIETSCHY, LLC,<br><br>           Defendant/Counter-Plaintiff. | Case No. 1:21-cv-02475 (CM)<br><br> |

## [PROPOSED] PROTECTIVE ORDER

Based on good cause shown, it is hereby ORDERED that the following Protective Order (the "Protective Order") shall apply to information, documents and other things produced, served, or otherwise disclosed in the above-captioned case (the "Litigation"):

1.    **Scope.** This Protective Order governs the handling and treatment of all confidential, trade secret, and/or proprietary documents, materials and other information, including deposition testimony and deposition transcripts, that are produced, served, or provided in the course of this Litigation, and any related appellate proceedings, as well as any privileged information inadvertently produced in the Litigation.

1

2. **Definitions.** The following definitions apply in this Protective Order:

   (a) **"Designated Material"** means any Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under Section 5 below.

   (b) **"Designating Party"** means any Party or Non-Party that designates Designated Material CONFIDENTIAL or HIGHLY CONFIDENTIAL under Section 6 below.

   (c) **"Discovery Material"** means any Document, material, item, testimony, or thing filed with or presented to the Court, or produced, served, or generated during discovery in the Litigation, including, but not limited to, motion papers, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

   (d) **"Document"** means any document, electronically stored information, or thing subject to production or inspection under Federal Rule of Civil Procedure 34.

   (e) **"Expert"** means any consultant or expert, including the research assistants and support staff of any consultant or expert, retained by any Party or the counsel of any Party for any purpose in the Litigation.

   (f) **"Producing Party"** means any Party to the Litigation or any Non-Party, and including its counsel, retained experts, directors, officers, employees, or agents, that produces any Discovery Material.

   (g) **"Receiving Party"** means any Party to the Litigation, including its counsel, retained experts, directors, officers, employees, or agents, that receives any Discovery Material.

(h) **"Non-Party"** means any natural or legal person not a Party to the Litigation.

(i) **"Counsel of Record"** means outside litigation counsel for the Parties who have made an appearance before the Court in this action, including attorneys, secretaries, legal assistants, and other support personnel who work for the same law firm, to whom it is absolutely necessary to disclose Designated Material for the purpose of this action.

(j) **"CONFIDENTIAL"** Material means any document (whether in hard copy or computer-readable form), thing, deposition testimony, interrogatories and interrogatory answers, requests for admissions and/or production and responses thereto, or other information or intangible item provided in discovery in this Action ("Discovery Material"), that contains or discloses non-public, confidential, or proprietary information, whether personal or business-related. CONFIDENTIAL Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 6 below. Certain limited types of Confidential Information may be further designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL."

(k) **"HIGHLY CONFIDENTIAL"** Material means any information that is so competitively sensitive that it is entitled to extraordinary protection, including without limitation: (a) the content of, or strategy related to, business dealings; (b) proprietary data, business, financial, or commercial information; (c) financial information, including sales and profits, that is not otherwise public information; and (d) information relating to unreleased products or products in development. HIGHLY CONFIDENTIAL Material shall include all Material referring or relating to the

foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 6 below.

(l) The Designating Party shall designate materials in good faith at the time of disclosure, production, or tender to the Receiving Party or at such other time as permitted by this Protective Order. To the extent any Discovery Material is produced as a result of electronic keyword searches, that responsive material may be designated as HIGHLY CONFIDENTIAL and the parties will cooperate to re-designate those materials as necessary throughout discovery and for purposes of filings and trial.

3. **Limits on use of Designated Material.** Designated Material may be used solely for purposes of this Litigation, and any related appellate proceedings, and for no other purpose.

4. **Dispute resolution.** Disputes arising in connection with the terms of this Protective Order that require resolution by the Court will be addressed first by the Parties during a meet and confer. If the Parties are unable to come to a mutually agreeable solution to the dispute, following good faith negotiations during the meet and confer, then counsel for either Party may move the Court for relief.

5. **Designation of Designated Material.** Any Party or Non-Party may designate as CONFIDENTIAL any Discovery Material, in whole or in part, that the Designating Party believes qualifies as CONFIDENTIAL or HIGHLY CONFIDENTIAL Material under the definitions in Section 2 above. Designated Material may be disclosed only to the individuals identified in Sections 10 and 11 below for the purposes listed in Section 3 above. A Designating Party may designate Designated Material at the time of delivery of the Designated Material to a Receiving Party.

6. **Means of designating Designated Material.** Parties will identify Designated Material, if reasonably possible, by stamping or otherwise endorsing the words CONFIDENTIAL or HIGHLY CONFIDENTIAL on each page or image of the Designated Material. If a document has more than one designation, the more restrictive or higher confidential designation applies. Interrogatories or responses to interrogatories, other discovery requests and responses or court submissions should be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to the extent that they contain Designated Material. All Designated Material that is either (1) not reduced to documentary or tangible form or (2) not reasonably susceptible to designation by stamping or endorsement, such as documents produced in native format, should be designated by

   (a) informing the Receiving Party of such designation in writing simultaneously with production of the Designated Material; and

   (b) labeling production disks or other containers for such Designated Material with the appropriate legend.

7. **Inadvertent failure to designate.** Inadvertent failure to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL as set forth in Paragraph 6 above does not operate as a waiver of any claim that the Discovery Material is entitled to protection under this Protective Order, provided that the Designating Party, immediately upon discovery: (i) notifies all Receiving Parties, in writing, that such Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL; and (ii) simultaneously produces to the Receiving Party copies of the Designated Material. Upon receiving such written notice, each Receiving Party must promptly: (i) take reasonable steps to retrieve that Designated Material, including any summaries and/or notes related to that Designated Material, to the extent it has been disclosed to persons who would not be authorized to view it under Sections 10 and 11 below; and (ii) destroy any

unmarked copies of that Designated Material within ten (10) days of receiving a designation under this Paragraph. If the Receiving Party does not agree to re-designation of the Discovery Material, the Receiving Party may apply to the Court for relief within ten (10) days of receipt of the written notification. Pending the Court's determination of the application, the designation of the Designating Party shall be maintained.

8.      **Designation of deposition transcripts.** Any Party or Non-Party may designate any deposition transcript, in whole or in part, as CONFIDENTIAL or HIGHLY CONFIDENTIAL by so stating on the record or by giving notice in writing to the other Parties and Non-Parties within ten (10) days of receipt of the deposition transcript, prior to which time all deposition transcripts will be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in their entirety. Whenever a Party or Non-Party expects to designate deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL, that Party will have the right to exclude from attendance at the deposition every person except the deponent, the stenographer, the videographer, and those individuals authorized under Paragraph 10 below to receive the Designated Material. If a deposition is videotaped, the original and all copies of the videotape must be marked to indicate that the contents of the videotape are subject to the Protective Order, substantially as set forth below:

> This videotape contains confidential testimony used in this Litigation and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the Parties.

9.      **Objections to designations.** If a Receiving Party objects to the designation of any Discovery Material, the Party so objecting may state the objection in writing to counsel of record for the Designating Party, with copies to all Parties' counsel in the Litigation. After providing this notice of objection, the Parties (and if the Designating Party is a Non-Party, such Non-Party or its counsel) must confer within seven (7) days in an attempt to resolve the dispute over the

designation of the Designated Material. If the Parties (and/or Non-Parties, if applicable) are unable to resolve the dispute, the Receiving Party may move the Court to remove or downgrade the designation, using the joint discovery dispute process of Paragraph 4 above. Until the Court rules on the merits of the dispute, the Designated Material to which objection has been made must be treated by each Receiving Party as designated.

10. **Disclosure of Material Designated HIGHLY CONFIDENTIAL.** Prior to disclosure of Material designated HIGHLY CONFIDENTIAL, Counsel of Record must inform the opposing side the names of all individuals and their roles to whom the Designated Material will be disclosed. Prior to disclosure, all such individuals shall execute the attached Exhibit A. Counsel of Record shall maintain a collection of all signed copies of Exhibit A by which persons have agreed to be bound by this Order. Material designated HIGHLY CONFIDENTIAL and information obtained from such material may be disclosed only to the following persons:

   (a) Counsel of Record as defined above;

   (b) Judges, Magistrate Judges, law clerks, court reporters, and clerical personnel of any Court that hears matters related to the Litigation;

   (c) Experts, as defined in Paragraph 2(e) above, but only after compliance with the terms of Paragraph 12 below;

   (d) Independent stenographic personnel, court reporters, videographers, imaging providers, database service providers, or photocopying service providers retained or employed by a Receiving Party in the Litigation;

   (e) Authors, drafters, addressees, recipients, or custodians of particular Designated Material whose identity is disclosed in or otherwise discernible from that Designated

Material or information regarding that Designated Material, but only during deposition, trial or other hearing in the Litigation;

(f) For any person who received particular Designated Material before the Litigation commenced, only those particular Designated Materials received by that person prior to the litigation may be disclosed to that person;

(g) Persons who have been retained by the Receiving Party to provide translation or interpretation from one language to another;

(h) Any other person to whom the Designating Party agrees beforehand, in writing, that disclosure may be made; and

(i) Any person by order of the Court permitting such disclosure.

Persons included in categories 10(c)-(k) above must be informed by the Receiving Party as to the confidential nature of Designated Material.

**11.    Disclosure of Material Designated CONFIDENTIAL.** Material designated CONFIDENTIAL and information obtained from such material may be disclosed only to the following persons:

(a) The individuals authorized to have access to Highly Confidential Materials under this Order;

(b) Parties and employees of Parties involved in the prosecution or defense of this litigation; and

(c) Any other persons agreed to in writing by Counsel of Record for the Parties or as otherwise ordered by the Court.

**12.    Identification and opportunity to object to Experts.**

(a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in Paragraph 2(e) above) any Designated Material first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence; (2) attaches a copy of the Expert's current resume or curriculum vitae; (3) identifies the Expert's current employer(s) and any relationship between the Expert and the Party; (4) identifies (by name and case number, filing date, and location of court or tribunal) any litigation or arbitration in connection with which the Expert has provided any professional services during the preceding four (4) years; and (5) attaches an executed copy of the "Acknowledgement of Stipulated Protective Order" attached to this Protective Order as Exhibit A.

(b) A Party that makes a request and provides the information specified in Paragraph 12(a) above may disclose Designated Material to the identified Expert unless, within ten (10) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) If a Producing Party objects and that objection is not resolved by agreement of the Parties, the Producing Party must, within ten (10) days after failing to reach agreement, apply to the Court for an order preventing disclosure, using the joint discovery dispute process of Paragraph 4 above. No disclosure of Designated Material to an Expert as to whom an objection has been made may occur until the objection is resolved in favor of making the proposed disclosure. Failure to object or

apply to the Court within the time period set forth above operates as consent to the proposed disclosure as set forth in the notification.

13. **Reasonable protection of Designated Material.** Counsel for the Parties must employ reasonable protective measures to ensure that the information and documents governed by this Protective Order are used only for purposes permitted under this Protective Order, and disclosed only to persons authorized by this Protective Order. All Designated Material must be kept in a secure manner by each Receiving Party and by those who are authorized to receive Designated Material.

14. **Potential legally compelled disclosure of Designated Material.** If a Receiving Party that has obtained Designated Material pursuant to this Protective Order: (a) is subpoenaed in another proceeding; (b) is served with a discovery request in another action to which it is a party; or (c) is served with any other legal process by any person or entity not a Party to the Litigation, for the purpose of obtaining the disclosure of such Designated Material, that Receiving Party must give timely written notice of its receipt of such subpoena, demand or legal process to counsel of record for the Parties and any applicable Non-Party so as to allow any Party or applicable Non-Party at least ten (10) days, or such lesser time as such subpoena, demand or legal process specifies for production, to intervene to prevent disclosure of the Designated Material. Provided that such notice is given, nothing herein requires any person or entity subject to this Protective Order to object to, challenge, or appeal any order requiring production of any Designated Material, or to subject itself to any penalties for noncompliance with any subpoena, discovery request, or legal process, or to seek any relief from any Court.

15. **No restrictions of disclosure or use of own Designated Material.** Nothing herein restricts in any manner any Party's disclosure or use of its own Designated Material.

16.     **No prejudice to request for *in camera* treatment.** Using the discovery dispute process discussed in paragraph 4 above, the parties may move the Court to review certain documents in camera. The parties must use the discovery dispute process even if they stipulate that the Court should review the documents in camera.

17.     **Final disposition.** Upon final termination of the Litigation, and exhaustion of all avenues of appeal, each Receiving Party must either (i) assemble and return to the appropriate Producing Party or (ii) destroy, and subsequently certify to the Producing Party destruction of, all Designated Material (except attorney work product) and all copies thereof within sixty (60) days of the conclusion of this Litigation. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers (including exhibits), transcripts, deposition exhibits, hearing exhibits, trial exhibits, legal memoranda, correspondence, or attorney work product, even if such materials contain Designated Material. Back-ups made of electronic discovery materials that contain Confidential or Highly Confidential Materials need not be returned, but must be destroyed within sixty (60) days of the conclusion of this Litigation.

18.     **Non-waiver of attorney-client privilege, work-product doctrine, and other applicable privileges and immunities.** The Parties and their counsel will take reasonable steps to identify and prevent disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity ("Privileged Material") prior to the disclosure of any such information to any Receiving Party.

  (a) If, however, a Producing Party discovers the disclosure of Privileged Material, that Producing Party may request, within fifteen (15) business days of such discovery request, in writing, that the Privileged Material be returned or destroyed ("Clawback Request").

(b) Because each Party will take reasonable steps to identify and prevent disclosure of Privileged Material, any disclosure of Privileged Material will be presumed to be inadvertent.

(c) If a Producing Party makes a Clawback Request, no Receiving Party may thereafter contend that the disclosure operated as a waiver of any privilege or immunity that might attach to the Privileged Material.

(d) Within five (5) business days of the Receiving Party's receipt of a Producing Party's Clawback Request, the Receiving Party must:

  (1) return or destroy the inadvertently produced Privileged Material identified in the Clawback Request ("Clawback Material") and any copies and derivations it has; and

  (2) certify, in writing, that it has returned or destroyed all Clawback Material and any copies and derivations it had.

(e) Within five (5) business days of the Clawback request, the Producing Party shall provide the Receiving Party with a privilege log for the inadveliently produced Privileged Material identified in the Clawback Request ("Clawback Material").

(f) The Receiving Party, after having certified that it has returned or destroyed Clawback Material, may seek production of that Clawback Material under the Federal Rules of Civil Procedure, but disclosure of Clawback Material (i) does not operate as a waiver of the attorney-client privilege, work-product doctrine, or any other privilege or immunity and (ii) may not be used as evidence that any disclosure of the Clawback Material was not inadvertent.

  (g) The Receiving Party may not, under any circumstances, use or disclose any information regarding or derived from Clawback Material in this Litigation, including in support of any motion or other request for production of Clawback Material by, for example, presenting some or all of the Clawback Material to the Court under seal for a determination of the claim of privilege.

19. **No prejudice to any Party's rights under Federal Rule of Evidence 502 and other applicable law.** Nothing in this Protective Order affects any right of any Party to argue under Federal Rule of Evidence 502 or any other applicable law that any disclosure of Privileged Material did not operate as a waiver.

20. **Amendment of this Protective Order.** Nothing herein prevents a Party from seeking to amend the terms of this Protective Order.

21. **No effect on admissibility.** Nothing in this Protective Order affects the evidentiary admissibility of any Discovery Material in the Litigation. The designation of Discovery Material under this Protective Order will not, for that reason alone, bar its introduction or use at any court proceeding related to the Litigation under such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort will be made, through the use of procedures agreed upon by the Parties or otherwise, to preserve the confidentiality of Designated Material.

22. **No effect on duty to counsel clients.** Nothing in this Protective Order restricts any counsel from advising any Party regarding the Litigation and, in the course of giving such advice, relying on Designated Material, provided that, in rendering such advice and otherwise communicating with any Party that is a client, counsel must not disclose any Designated

Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material under this Protective Order.

23. **No contractual effect.** To the extent the Parties have agreed on the terms of this Protective Order, such stipulation is for the Court's consideration and approval as a Protective Order. The Parties' stipulation does not create a contract between the Parties or among the Parties and their respective counsel.

24. **Effective date.** On entry by the Court, this Protective Order will be binding on the Parties and their respective counsel, successors, assigns, subsidiaries, divisions, and employees, effective as of the date of its execution.

25. **Survival of obligations.** Duties under this Protective Order will survive final resolution of the Litigation. Persons and entities subject to this Protective Order will remain subject to the confidentiality obligations of this Protective Order until the Producing Party agrees otherwise in writing or this Court (or any other Court of competent jurisdiction) orders otherwise. This Court will retain jurisdiction for the purpose of enforcing the terms of this Protective Order.

Dated: August 5, 2021

LEE LAW PLLC

*/s/ Michael L*

Michael Lee (ML6353)
Lee Law PLLC
57 West 38th Street, 11th Floor
New York, NY 10018
Telephone: (212) 621-8239

Attorneys for *Plaintiffs*

Dated: August 5, 2021

**TIAJOLOFF & KELLY LLP**

/s/Edward P. Kelly

Edward P. Kelly
Merry L. Biggerstaff
The Chrysler Building 37th floor
405 Lexington Avenue
New York, New York 10174
Tel:  212 490 3285
Fax 212 490 3295
Email: ekelly@tkiplaw.com
Email: mbiggerstaff@tkiplaw.com

*Attorneys for Defendants*
*Attorneys for Defendant/Counter-Plaintiff*

**So Ordered:**

Dated: 8/9 , 2021

United States District Court Judge

ADDENDUM

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

EXHIBIT A TO PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MEGANPLAYS LLC and MEGAN LETTER,<br><br>        Plaintiffs,<br><br>v.<br><br>SARA DIETSCHY, LLC and SARA DIETSCHY,<br><br>        Defendants. | Case No. 1:21-cv-02475 (CM) |
| MEGANPLAYS LLC and MEGAN LETTER,<br><br>        Plaintiffs/Counter-Defendants,<br><br>v.<br><br>SARA DIETSCHY, LLC,<br><br>        Defendant/Counter-Plaintiff. | |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

1. My name is _____.

2. I live at _____.

3. I am employed as _____ (state position) by

   _____
   (state name, address and telephone number of employer).

4. I am aware that the parties have entered into a Stipulated Protective Order (the

   "Protective Order") in the above-captioned litigation in the United States District

Court for the Southern District of New York. A copy of the Protective Order has been given to me and I have carefully read and understand it.

5. I promise and agree that documents and information designated as "CONFIDENTIAL or HIGHLY CONFIDENTIAL" under the Protective Order will be used by me only under and in accordance with the terms of the Protective Order.

6. I promise and agree that I will not disclose or discuss CONFIDENTIAL or HIGHLY CONFIDENTIAL information or documents with any person other than those persons specifically listed in the Protective Order and under the procedures therein specified.

7. I promise and agree that I will use CONFIDENTIAL or HIGHLY CONFIDENTIAL information solely for the purposes of the above-captioned litigation.

8. I promise and agree not to disclose any CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any other person, firm or concern in violation of the terms of the Protective Order, and that I will not use any CONFIDENTIAL or HIGHLY CONFIDENTIAL information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.

9. I understand that any use or disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information or documents or any portions or summaries thereof or any information obtained therefrom in any manner contrary to the provisions of the Protective Order, may subject me to personal liability and the sanctions of the Court.

10. I agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the terms of this Protective Order even if such enforcement proceedings occur after termination of this action.

DATED this ___ day _____, 20___.

                                                   _____
                                                   Printed Name

                                                   _____
                                                   (Signature)